{¶ 21} I concur with the opinion of Judge Boggins. I write separately only to address the issue raised by the dissent that the appellant failed to preserve the alleged error when he entered the no contest plea.
{¶ 22} Criminal Rule 12(H) states that "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a motion to suppress."[1]
{¶ 23} The trial court in the case sub judice made a determination that the law did not permit the appellant to raise the affirmative defense of necessity in this type of case. Without the ability to raise the affirmative defense of necessity, based on the facts of this case, the appellant has no defense. Therefore, I find that, based on logic and Criminal Rule 12(H), the appellant preserved the alleged error for appeal.
HOFFMAN, P.J.
Though I do not disagree with the majority's conclusion the stipulated facts were sufficient to justify consideration of the affirmative defense of necessity, I, nevertheless, disagree with the majority's decision to reverse and remand this case. I do so because I do not believe appellant has preserved this issue for our review.
The trial court's decision denying the availability of the affirmative defense of necessity was an interlocutory order. By subsequently entering his no contest plea prior to trial, appellant failed to preserve the alleged error. Accordingly, I respectfully dissent from the majority opinion.
[1] Criminal Rule 12(H) is now Criminal Rule 12(I).